IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>APPROXIMATELY $53,830.00   )<br>IN UNITED STATES CURRENCY,   )<br>)<br>Defendant.   )<br>_____ ) | Case No. 18- 01193 |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $53,830.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $53,830.00 in United States currency that was seized on May 8, 2018 by the Kansas Highway Patrol during a routine traffic stop of a vehicle driven by Morgan Curtis on I-70 at milepost 337 in Wabaunsee County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

                                          Respectfully submitted,

                                          STEPHEN R. McALLISTER
                                          United States Attorney

                                          */s/ Sean Hatfield*
                                          SEAN M.A. HATFIELD
                                          Ks. S. Ct. No. 24098
                                          Special Assistant United States Attorney
                                          1200 Epic Center, 301 N. Main
                                          Wichita, Kansas  67202
                                          T: (316) 269-6481
                                          F: (316) 269-6484
                                          sean.hatfield@usdoj.gov

## DECLARATION

I, Luke Rieger, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of July, 2018.

TFO LUKE RIEGER
DEA

## AFFIDAVIT

I, Luke Rieger, being first duly sworn, depose and state:

1. I have been employed as a Kansas Highway Patrol (KHP) Trooper since March 2010 and have been cross-designated as a DEA Task Force Officer since June 2015. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to me through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On May 16, 2018, at approximately 10:11 a.m., Kansas Highway Patrol Lieutenant (LT) Doug Rule stopped a black, 2017 rental Dodge Challenger with Ohio registration GVD1957 for a traffic violation on westbound I-70 at milepost 337 in Wabaunsee County, KS. The vehicle was driven by Morgan James CURTIS, identified by his Ohio driver's license. During the traffic stop, a probable cause search was conducted due to the odor of marijuana emitting from the vehicle. Subsequently, a search of the vehicle led to the discovery of approximately $53,830.00 in United States currency suspected as drug related proceeds and located in a plastic sack inside of a backpack in the trunk of the vehicle. A small amount of suspected marijuana was also located in the driver's door compartment area.

4. The bulk currency was packaged and concealed consistent with that of narcotics proceeds and contraband when packaged for transport.

5. During a Post-Miranda interview, CURTIS stated the following:
    a. CURTIS told LT. Rule, the USC in the trunk was approximately $35,000 and the USC in the center console was $4,000 for a total of $39,000.
    b. CURTIS told TFO Rieger, there was approximately $40,000 to $45,000, then later changed the amount to $50,000 to $55,000.
    c. CURTIS stated he had approximately $25,000 to $30,000 and had sold three vehicles and motorcycle to make up the remainder.

    d. CURTIS stated he always carries his money with him, because he does not like banks. CURTIS does not like banks because he wants to avoid taxes and has not filed income taxes for at least the past three years.

    e. CURTIS stated he smokes marijuana daily.

6. CURTIS has drug related criminal history including: Possession of Drugs (Misdemeanor and Felony) and Carrying Concealed Weapon or Illegal Possession.

7. A certified drug detection canine alerted to the odor of controlled substances emitting from the currency.

8. CURTIS was released on his own recognizance, pending a further criminal and financial investigation.

9. Based on the information set out above, I have probable cause to believe that the approximately $53,830.00 seized by Kansas Highway Patrol constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 881.

_____
Luke Rieger, TFO
DEA

Sworn to and subscribed before me this 2nd day of July, 2018

MICHELLE STEPHENS
Notary Public - State of Kansas
My Appt. Expires 5/23/2022

_____
NOTARY